IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYAN DAVIS, and ANTHONY CRANE, Plaintiffs, vs. SIMON CONTRACTORS, INC, Defendant. | 8:19-CV-246 ORDER REGARDING OBJECTIONS TO DEPOSITION DESIGNATIONS |

This matter is before the Court on the parties' objections to deposition designations. Filing 101; Filing 114. Each parties' objections are copied below; the Court's ruling comes immediately after each objection.

The Court provided the following instructions to parties in this matter via e-mail:

> Use of Depositions: No later than seven (7) days before trial, the parties shall meet and conferto (1) designate and counter-designate testimony from any depositions which will be offered at trial, and (2) seek to resolve any outstanding objections made at the deposition to testimony eitherparty seeks to offer at trial as required by NECivR 30.1(e). The party seeking to use any part of a deposition (including any part counter-designated in response to designations by a party) shall submit any unresolved objections to the court, along with the testimony designated by either partyto be used at trial, in a motion in limine no later than seven (7) days before trial as required by NECiv.R 30.1(f). *See* NECivR 30.1 and 32.1.

After providing these instructions, the parties proceeded to provide deposition designations for Shad Burnside, Victor Anido, Dr. Arek Wiktor, Dr. Anne Wagner, Timothy Thompson, and Chris Chase. The Court reminded counsel via e-mail that deposition designations for witnesses who will appear live at trial are not appropriate because live testimony takes the place of testimony presented through the use of a deposition. The parties then stated that Mr. Chase and Mr. Anido will be live testimony at trial. Thus, the Court will not rule on designations and objections for Chase and Anido as deposition designations will not be allowed at trial.

1

The parties further communicated to the Court that Mr. Thompson and Mr. Burnside are witnesses that the parties "hope will appear but are outside of 100 miles from the courthouse." The Court reminds the parties that they should be well-aware before now whether these witnesses—who are significant witnesses in this case—are going to be at trial. Further, the Court reminds the parties that pursuant to Fed. R. Civ. P. 45(c), a witness can be required to attend a trial "within the state where the person resides" if that person "is commanded to attend a trial and would not incur substantial expense."

The Court expects Mr. Thompson and Mr. Burnside to testify at trial. If these witnesses will not be in attendance, the Court expects the party seeking such testimony to state in writing by 9:00 a.m. April 11, 2022: 1) the efforts made to secure the live testimony of these witnesses, 2) whether the witnesses are in any way under the control of any party, and 3) advise the Court in detail why the witnesses will not be presented live. The Court will therefore not rule on designations and objections as to Thompson and Burnside at this time given the Court expects these witnesses to be presented live.

Pursuant to designations for the two expert witnesses for which designations were provided and video excerpts must be prepared, the Court rules that the below designations and counter designations be allowed. The party presenting the expert testimony via video is responsible for creating the video and shall provide an edited copy of the video to the opposing party at least 48 hours before the video is shown at trial. Any objections to the video editing shall be resolved among the parties, but if they cannot be resolved, shall be brought to the attention of the Court in writing no later than 24 hours before the video is shown to the jury. *See* NECivR 32.1. Parties are allowed to add or subtract testimony from these depositions to be shown to the jury without involvement of the Court if the parties agree.

## I. PLAINTIFFS' OBJECTIONS TO DEFENDANT'S DEPOSITION DESIGNATIONS

The following objections and rulings are in reference to Filing 114.

**1.** *Dr. Arek Wiktor*

5:1-7:15 – Objection. Request that the entire record be read from 4:1-17:3 pursuant to F.R.C.P. 32(6).

**Court's Ruling**: The request is granted; the entire record will be read from 4:1-17:3.

9:17-11:8 – Objection. Request that the entire record be read from 4:1-17:3 pursuant to F.R.C.P. 32(6).

**Court's Ruling**: The request is granted; the entire record will be read from 4:1-17:3.

12:5-15:8 – Objection. Request that the entire record be read from 4:1-17:3 pursuant to F.R.C.P. 32(6).

**Court's Ruling**: The request is granted; the entire record will be read from 4:1-17:3.

26:1-27:24 – Objection as to 26:8-9 to remove counsel objection and 26:13-14 to remove the question struck from the record.

**Court's Ruling**: The requests to remove 26:8-9 and 26:13-14 are granted.

29:22-40:4 – Objection. Request that the entire record be read from 27:25-43:25 pursuant to F.R.C.P. 32(6).

**Court's Ruling**: The request is granted; the entire record will be read from 27:25-43:25.

45:6-46:8 Objection. Request that the entire record be read from 44:3-48:13 pursuant to F.R.C.P. 32(6).

**Court's Ruling**: The request is granted; the entire record will be read from 44:3-48:13.

46:22-49:6 Objection. Request that the entire record be read from 44:3-49:15 pursuant to F.R.C.P. 32(6) except for 48:14-16 to remove the question struck from the record.

**Court's Ruling**: The request is granted; the entire record will be read from 44:3-49:15, except for 48:14-16, which shall be removed.

49:21-50:16 – Objection. Request that the entire record be read from 49:17-50:18 pursuant to F.R.C.P. 32(6).

**Court's Ruling**: The request is granted; the entire record will be read from 49:17-50:18.

52:11-53:8 – Objection. Request that the entire record be read from 52:1-55:9 pursuant to F.R.C.P. 32(6).

**Court's Ruling**: The request is granted; the entire record will be read from 52:1-55:9.

56:3-58:7 Objection. Request that the entire record be read from 55:12-58:19 pursuant to F.R.C.P. 32(6).

**Court's Ruling**: The request is granted; the entire record will be read from 55:12-58:19.

66:16-72:12 – Objection. Form, foundation, and relevance, objections referenced in Plaintiffs' Motion in Limine Doc. 83 and Doc. 85

**Court's Ruling**: Per the Court's order regarding the Plaintiffs' Motion in Limine, the objections noted in Filing 83 that occur between 66:16-72:12 are sustained.

### *2. Dr. Anne Wagner*

5:1-8:20 – Objection as to 7:15-8:1 for court reporter interruption and relevance.

**Court's Ruling**: The request to remove 7:15-8:1 is granted.

8:21-9:19 – Objection. Request that the entire record be read from 8:2-17:12 pursuant to F.R.C.P. 32(6).

**Court's Ruling**: The request is granted; the entire record will be read from 8:2-17:12.

10:13-12:19 – Objection. Request that the entire record be read from 8:2-17:12 pursuant to F.R.C.P. 32(6).

**Court's Ruling**: The request is granted; the entire record will be read from 8:2-17:12.

13:17-16:10 – Objection. Request that the entire record be read from 8:2-17:12 pursuant to F.R.C.P. 32(6).

**Court's Ruling**: The request is granted; the entire record will be read from 8:2-17:12.

21:14-22:20 – Objection. Request that the entire record be read from 19:22-26:13 pursuant to F.R.C.P. 32(6).

**Court's Ruling**: The request is granted; the entire record will be read from 19:22-26:13.

27:3-23 – Objection. Request that the entire record be read from 26:23-29:22 pursuant to F.R.C.P. 32(6).

**Court's Ruling**: The request is granted; the entire record will be read from 26:23-29:22.

28:21-29:18 – Objection. Request that the entire record be read from 26:23-29:22 pursuant to F.R.C.P. 32(6).

**Court's Ruling**: The request is granted; the entire record will be read from 26:23-29:22.

41:21-42:12 – Objection. Request that the entire record be read from 38:8-42:12 pursuant to F.R.C.P. 32(6).

**Court's Ruling**: The request is granted; the entire record will be read from 38:8-42:12.

46:10-47:8 – Objection. Request that the entire record be read from 42:16-48:3 pursuant to F.R.C.P. 32(6).

**Court's Ruling**: The request is granted; the entire record will be read from 42:16-48:3.

48:6-49:5 – Objection to 48:16-25 form and foundation, objection referenced in Plaintiffs' Motion in Limine Doc. 83 and Doc. 85

**Court's Ruling**: Per the Court's order regarding the Plaintiffs' Motion in Limine, the objections noted in Filing 83 that occur between 48:6-49-5 are overruled; 48:19-25 shall be removed.

Dated this 7th day of April, 2022.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge