IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYAN DAVIS, and ANTHONY CRANE,<br><br>Plaintiffs,<br><br>vs.<br><br>SIMON CONTRACTORS, INC,<br><br>Defendant. | 8:19-CV-246<br><br>ORDER REGARDING PRETRIAL MOTIONS IN LIMINE |

This matter is before the Court on Motions in Limine filed by Defendant, Filing 78, and Plaintiffs, Filing 81; Filing 83. This matter is a products liability action set for trial beginning April 11, 2022. A full factual background of this case is available in the Court's Memorandum and Order of April 12, 2021, Filing 72. The Court will address each of the pending motions in turn.

### I. DEFENDANT'S MOTION IN LIMINE

Defendant asks the Court to exclude thirteen different categories of evidence. Filing 78. Plaintiffs have filed a brief in response to Defendant's motion. Filing 90; Filing 91. The Court now addresses each of Defendant's thirteen requests.

*1. Settlement negotiations between the parties*

Defendant asks the Court to exclude evidence of settlement negotiations between the parties under Federal Rule of Evidence 408. Filing 78. Plaintiffs "have no objection" to the request made pursuant to the rule, but request the Court take the matter under advisement. Filing 90. Plaintiffs ask the Court to delay ruling to consider at trial whether any such evidence offered is admissible under an exception to the general prohibition on evidence of settlement negotiations, as provided for in Federal Rule of Evidence 408(b). Filing 90. The Court cannot imagine instances

1

where settlement negotiations would be admissible in this case. However, the Court will take this motion under advisement and rule in the event such a ruling is necessary.

*2. The presence or absence of liability insurance*

Defendant asks the Court to exclude evidence of liability insurance offered to prove negligence or wrongfulness on the part of a party under Federal Rule of Evidence 411, Filing 78, and Plaintiffs have no objection, Filing 90. Evidence of liability insurance offered to prove negligence or wrongfulness will be excluded, and Defendant's motion is granted as to this issue.

*3. The opinion evidence and testimony of Nathan Mayercsik*

Defendant asks the Court to exclude opinion evidence and testimony from Plaintiffs' expert Nathan Mayercisk, noting that the Court already excluded such evidence in the Court's prior order. Filing 78 (citing Filing 72). The Court intends to enforce its previous ruling; Defendant's subsequent request is denied as moot.

*4. Any testimony or documents evidencing conclusions reached by Nathan Mayercsik*

Defendant requests exclusion of "testimony or documents evidencing conclusions reached by" the Plaintiffs' excluded expert, including "the educational materials referenced in his report that were created by the National Ready Mixed Concrete Association." Filing 78. Plaintiffs assert Defendant misstates the extent of the Court's prior rulings. Filing 91 at 2-3. To the extent Defendant argues materials produced by the National Ready Mixed Concrete Association are excluded under the Court's order regarding Nathan Mayercisk, Plaintiffs are correct the Defendant misstates the Court's ruling. The Court excluded Dr. Mayercisk's testimony and opinions because it found his expertise, while substantial, was not germane to the issues in this case. Filing 72 at 7-10. The Court made no rulings regarding materials produced by the National Ready Mixed Concrete Association, *see* Filing 72, and Defendant fails to offer any justification for their

2

exclusion now. That an excluded expert relied on a piece of evidence does not warrant its exclusion. Defendant's motion is denied in this respect, but the Court will hear any other timely and appropriate objection as to such evidence if any such evidence is offered.

*5. Any evidence or testimony regarding legal or industry standards on concrete warnings*

Defendant seeks to have the Court exclude "[a]ny evidence or testimony stating that there is a law, regulation, or industry standard requiring a warning to accompany a delivery of ready-mix concrete." Filing 78. Defendant asserts "[t]his was the subject of Defendant's Motion to Strike Nathan Mayercsik, which was granted for the lack of any such standard." Filing 78. That is incorrect. As previously noted, the Court excluded Dr. Mayercisk's testimony because his expertise was not relevant to this case. Filing 72 at 7-10. Defendant further asserts there is no evidence of any such standard. Filing 78. If there is no such evidence, then there is nothing to exclude. Assuming such evidence does exist, the defendant has not provided the Court with a basis on which to exclude it, and it would plainly be relevant here, unless there is some other evidentiary basis to exclude it. Thus, Defendant's motion is denied on this point.

*6. Any evidence of an offer or promise to pay medical expenses*

Defendant next requests the Court exclude evidence of any offer to pay medical expenses made on its behalf under Federal Rule of Evidence 409. Plaintiffs have no objection. Filing 90. Defendant's motion is granted on this point.

*7. Subsequent remedial measures as proof of negligence or fault*

Defendant moves to exclude evidence of subsequent remedial measures offered to prove negligence or fault under Federal Rule of Evidence 407. Evidence of subsequent remedial measures offered for such a purpose will be excluded, but as Plaintiffs note, such evidence may be offered for impeachment purposes or to prove "ownership, control, or the feasibility of

3

precautionary measures," if they are disputed. Fed. R. Evid. 407; Filing 90. Thus, the Court will take this point under advisement and rule as necessary at trial, after assessing the purpose for which any evidence of subsequent remedial measures is offered.

*8. Any evidence of Davis's lost-wage claims and lost-revenue claims*

Defendant asks the Court to exclude any evidence of plaintiff Davis's lost-wage and lost-revenue claims because, it asserts, Plaintiffs have failed to provide adequate documentation of such losses during the discovery process, despite numerous requests from Defendant. Filing 78. Federal Rule of Civil Procedure 37(c)(1) provides when a party "fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." "Plaintiffs agree that parties should not be allowed to present evidence at trial that was not timely produced beforehand." Filing 91 at 4. Defendant, however, seeks to exclude both evidence that was not disclosed and related evidence that indisputably was disclosed.

Defendant argues that because, in its view, the evidence that has been disclosed is insufficient to prove the damages at issue "with reasonable certainty [as to] both the loss and extent," the Court should exclude all such evidence, timely disclosed or not. *See* Filing 79 at 4 ("In this instance, the evidence provided by Plaintiffs does not establish either.") (quoting *Gary's Implement, Inc. v. Bridgeport Tractor Parts, Inc.*, 799 N.W.2d 249, 259 (Neb. 2011)). The sufficiency of a party's evidence, however, is a matter to be attacked in a motion for summary judgment or at trial, not in a motion in limine filed shortly before the trial. In accordance with Federal Rule of Civil Procedure 37(c)(1), the Court will not permit Plaintiffs to introduce evidence that was not timely disclosed. However, Plaintiffs are permitted to introduce otherwise admissible

4

evidence that was properly disclosed in accordance with the Federal Rules of Civil Procedure and the orders of the Court.

*9. Any evidence of Crane's lost-wage claims and lost-revenue claims*

Defendant also moves to exclude all evidence related to plaintiff Crane's lost wages or revenue. Filing 78. The Court's reasoning in relation to Defendant's motion with regard to evidence of Davis's lost-wage-and-revenue claims applies with equal force to Crane's claims. The Court will exclude evidence that was not properly disclosed but declines to prejudge the sufficiency of Plaintiffs' evidence at this time.

*10. Any evidence or testimony that Davis has suffered post-traumatic stress disorder (PTSD) or an aggravation of his prior PTSD as a result of this incident*

Defendant seeks exclusion of evidence that Davis suffered PTSD or an aggravation of pre-existing PTSD as a result of the events at issue in this case. Filing 78. Defendant asserts Plaintiffs have not disclosed expert testimony or opinion diagnosing Davis with PTSD or attributing his PTSD to the incident at issue. Filing 78. Defendant argues that any mention of Davis's PTSD or attribution to the events of this case would be misleading and unduly prejudicial. Filing 78. The Court agrees with Defendant. Given there is no expert diagnosis of Davis with PTSD from this incident or aggravation of PTSD from this incident, allowing reference to PTSD could mislead or confuse the jurors on what injury was caused by this incident. Causation of such mental injury requires expert testimony. *Doe v. Zedek*, 255 Neb. 963, 970–71, 587 N.W.2d 885, 891 (1999). However, general causation opinions by medical practitioners on the prevalence of mental pain and suffering with burns is admissible, as it goes to causation, *see id.*, and such evidence is relevant in light of Plaintiffs' prayer for pain and suffering, mental anguish, and emotional distress damages in their Complaint. Davis can provide testimony on mental anguish because under Nebraska law

mental suffering is established "primarily by complaints of the victim," while the "cause and extent" of such mental injury "must be established by expert medical testimony." *Zedek*, 255 Neb. at 970–71. Thus, Defendant's motion is granted in this regard.

 *11. Any evidence regarding Davis's emotional distress or mental anguish claims*

 Defendant next asserts that the Court should exclude any evidence of emotional distress or mental anguish as to Davis because Plaintiffs must prove negligent infliction of emotional distress, which they cannot do with the evidence they have disclosed. Filing 78. Defendant is again attacking the sufficiency of Plaintiffs' evidence rather than its admissibility on a pretrial motion in limine. Defendant points to *Hamilton v. Nestor*, 659 N.W.2d 321 (Neb. 2003) for the proposition that the Court should treat any claim for damages based on emotional or mental injuries stemming from a party's negligence as a negligent infliction of emotional distress claim. Filing 78. In *Hamilton*, the Nebraska Supreme Court determined that where a party suffered no physical injuries, but alleged only "mental and psychological injuries" resulting from a party's negligence, the stated claim was for negligent infliction of emotional distress. 659 N.W.2d at 323, 325. However, Plaintiffs in the present case has alleged physical injuries as well as mental, and "the longstanding rule in Nebraska is that where a physical injury has been sustained, a plaintiff may recover damages for mental suffering and anxiety reasonably resulting from such physical injury." *Hartwig v. Oregon Trail Eye Clinic*, 580 N.W.2d 86, 90 (Neb. 1998). Thus, Defendant's motion is denied as to this issue.

 *12. Any evidence regarding Crane's emotional distress or mental anguish claims*

 The Court's forgoing analysis regarding evidence of mental distress or anguish as to Davis apply with equal force to Crane. Thus, Defendant's motion is denied on this point as well.

*13. Photographs produced with Plaintiffs' Fifth Supplemental Rule 26(a)(1) Disclosure*

Finally, Defendant moves to exclude photos of a project site that is not the subject of this litigation, to which Defendant delivered wet concrete. Filing 78. Defendant asserts the photos are: (1) irrelevant; (2) prejudicial, misleading, and confusing to the jury; (3) barred under Federal Rule of Civil Procedure 37 because they were not timely disclosed; and (4) evidence of a subsequent remedial measure offered to prove fault. Filing 78. Plaintiffs assert that the photos are relevant in that they tend to show how the defendant routinely operates. Filing 91 at 7. The Court agrees with Defendants. The photos were produced after the close of discovery, shortly before trial. The photos are of a site which is not the subject of this litigation. Defendants also contend these photos illustrate a subsequent remedial measure which the jury could inappropriately use to find fault as to Defendants. The photos are excluded due to being produced late and are irrelevant and potentially prejudicial and misleading to the jury. Thus, Defendant's motion is granted as to the photos at issue and such photos will not be allowed.

## II. PLAINTIFFS' GENERAL MOTION IN LIMINE

Plaintiffs ask the Court to exclude five categories of evidence in a general motion in limine. Filing 81. Defendant challenges Plaintiffs' request to exclude evidence of prior litigation involving Plaintiffs. Filing 97. The Court considers each of Plaintiffs' requests separately below.

*1. Evidence of collateral sources*

Plaintiffs move the Court to prohibit Defendant from presenting evidence of collateral sources, such as health insurance or Veterans Administration benefits, which may have paid some of Plaintiffs' medical expenses. Filing 82 at 2-3. "The collateral source rule provides that benefits received by the plaintiff from a source wholly independent of and collateral to the wrongdoer will not diminish the damages otherwise recoverable from the wrongdoer." *Strasburg v. Union Pac.*

7

*R.R. Co.*, 839 N.W.2d 273, 277 (Neb. 2013). Thus, evidence of collateral sources of payment are irrelevant and likely prejudicial. Plaintiffs' motion is granted in this respect; Defendant shall not present evidence demonstrating collateral sources of payment to the jury.

    *2. Opinion evidence and testimony of Jay Daily*

Plaintiffs move to exclude opinion evidence and testimony from Defendant's expert Jay Daily. Filing 81. The Court already excluded this expert in its previous order. Filing 72. The Court intends to enforce its previous ruling; Plaintiffs' subsequent request is denied as moot.

    *3. Testimony or documents evidencing conclusions reached by Jay Daily*

Plaintiffs also move to prevent the introduction of Jay Daily's conclusions through other documents or testimony. Filing 81; Filing 82 at 4. The Court has already concluded Mr. Daily's opinions are inadmissible. *See* Filing 72. If Defendants attempt to introduce evidence which Plaintiffs object to, the Court will address the objection when appropriate, but the Court has no basis upon which to make a ruling at this point. Thus, Plaintiffs' motion is denied at this time, without prejudice to objections related to similar subject matter.

    *4. Evidence of other lawsuits in which plaintiffs are involved*

Plaintiffs seek to exclude "[a]ny evidence, testimony or documents regarding any other litigation or lawsuits involving the Plaintiffs" as prejudicial and irrelevant under Federal Rule of Evidence 403. Filing 81. The Defendant responds that Davis's and Shana Bastemeyer's credibility as witnesses will be at issue, and the defense intends to ask about prior litigation in which they are alleged to have acted dishonestly to attack their credibility. Filing 97.

Federal Rule of Evidence 608 permits a party to inquire into specific instances that are probative of a witness's character for truthfulness, though the party may not introduce extrinsic evidence for that purpose. Fed. R. Evid. 608(b). The Defendant has set forth a good-faith basis for

8

believing Davis and Bastemeyer demonstrated a character for untruthfulness in during the prior litigation at issue in its brief. Filing 97. Thus, Defendant will be permitted to inquire into those events during cross-examination of the witnesses, and Plaintiffs' motion is denied in that respect. The parties are reminded, however, that this does not open the door to extrinsic evidence, relitigating a prior case, or a discussion of another court's assessment of any witness' credibility.

*5. Evidence, testimony, or references to "jackpot justice"*

Plaintiffs ask the Court to prohibit the parties from using pejorative phrases and arguments similar to "jackpot justice." Filing 82 at 6-7. Plaintiffs argue references to "jackpot justice" and the like are irrelevant and prejudicial. It is well settled that "[o]ur system instead proceeds on the premise that counsel generally should focus on the merits of the case at hand, and that they can disagree about those merits without being disagreeable." *Whittenburg v. Werner Enterprises Inc.*, 561 F.3d 1122, 1130 (10th Cir. 2009). Clear pleas for sympathy or prejudice or emotional appeals without regard to the merits of the case are prohibited, and "[i]mproper statements by counsel during oral arguments will constitute reversible error when those statements are plainly unwarranted and clearly injurious." *Morrissey v. Welsh Co.*, 821 F.2d 1294, 1303 (8th Cir. 1987). Arguments regarding "jackpot justice" and the like, at least as the Court understands Plaintiffs to mean the term, would be examples of improper arguments, and such arguments are prohibited. As to witness testimony, the Court is unable to rule on an objection ahead of time but will nonetheless state what counsel undoubtedly already know: a witness's purpose is not to present argument. Thus, counsel are cautioned against making improper arguments, and the Court will consider specific objections as they come up during trial.

# III. PLAINTIFFS' MOTION IN LIMINE REGARDING UNRESOLVED OBJECTIONS TO DEPOSITION TESTIMONY

In a separate motion, Filing 83, Plaintiffs ask the Court to rule on unresolved objections raised during the video preservation depositions of two witnesses: Dr. Anne Wagner and Dr. Arek Wiktor. Defendant responds in support of its objections and in opposition to Plaintiffs' objections. Filing 96. The parties ask the Court to rule on three objections raised during Dr. Wagner's deposition, and five objections raised during Dr. Wiktor's deposition. Filing 83 at 1. The Court addresses each deposition and each unresolved objection below.

### A. Unresolved Objections from Dr. Wagner's Deposition

*1. Objections to lines 8 through 12 and 19 through 22 on page 17*

The objections to lines 8 through 12 and 19 through 22 on page 17 of Dr. Wagner's deposition are sustained. Line 8 on page 17 through line 8 on page 18 shall be removed prior to the tape being played for the jury.

*2. Objection to lines 16 through 18 on page 48*

The objection to lines 16 through 18 on page 48 of Dr. Wagner's deposition is overruled. Lines 19 through 25 on page 48 of Dr. Wagner's deposition shall be removed prior to the video being shown to the jury given those lines are a statement from counsel. However, lines 16 through 18 on page 48 may be played for the jury.

### B. Unresolved Objections from Dr. Wiktor's Deposition

*1. Objection to lines 12 through 18 on page 58*

The objection to lines 12 through 18 on page 58 of Dr. Wiktor's deposition is overruled. The jury may be shown this portion of the deposition.

*2. Objection to line 25 on page 58 through line 12 on page 59*

The objection to line 25 on page 58 through line 12 on page 59 of Dr. Wiktor's deposition is sustained. This portion of the deposition shall be removed before the tape is played for the jury.

*3. Objection to Exhibit 14*

The Court reserves ruling on the objection to Exhibit 14. The Court will hear argument on this objection at the pretrial conference on Monday, April, 11, 2022.

*4. Objection to line 15 on page 67 through line 3 on page 68*

The objection to line 15 on page 67 through line 3 on page 68 of Dr. Wiktor's deposition is sustained. This portion of the deposition shall be removed before the tape is played for the jury.

*5. Objection to lines 12 through 16 on page 71*

The objection to lines 12 through 16 on page 71 of Dr. Wiktor's deposition is sustained. This portion of the deposition shall be removed before the tape is played for the jury.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED:

1. Defendant's Motion in Limine, Filing 78, is partially granted and partially denied as set forth above;

2. Plaintiffs' Motion in Limine, Filing 81, is partially granted and partially denied as set forth above;

3. Plaintiffs' Motion in Limine Regarding Unresolved Objections, Filing 83, is partially granted and partially denied as set forth above; and

4. The Court will hear brief argument regarding the objection to Exhibit 14 at the pretrial conference set for April 11, 2022.

Dated this 7th day of April, 2022.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge