IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RYAN DAVIS, and ANTHONY CRANE,

    Plaintiffs,

vs.

SIMON CONTRACTORS, INC,

    Defendant.

8:19-CV-246

ORDER

On April 7, 2022, during the time the Court was issuing its order on deposition designations, *see* Filing 124, Defendants filed an untimely document titled "Defendant's Objections to Plaintiffs' Deposition Designations." Filing 123. The Court strikes this document and will not consider it.

The Court previously provided the parties instructions via e-mail regarding deposition designations requiring as follows:

> Use of Depositions: No later than seven (7) days before trial, the parties shall meet and confer to (1) designate and counter-designate testimony from any depositions which will be offered at trial, and (2) seek to resolve any outstanding objections made at the deposition to testimony either party seeks to offer at trial as required by NECivR 30.1(e). The party seeking to use any part of a deposition (including any part counter-designated in response to designations by a party) shall submit any unresolved objections to the court, along with the testimony designated by either party to be used at trial, in a motion in limine no later than seven (7) days before trial as required by NECiv.R 30.1(f). See NECivR 30.1 and 32.1.

1

Further, NECivR 30.1(f) requires that "[t]he party seeking to use the deposition at trial must submit any unresolved objections to the court in a motion in limine after the deposition, but no later than 7 days before trial or, alternatively, the date set by the pretrial order."

On April 5, 2022, Defendants filed a document titled "Defendant's Objections to Plaintiffs' Deposition Designations." Filing 101. The document included objections to the designations of Timothy Thompson and Shad Burnside, but did not include any objections to Dr. Arek Witkor or Dr. Anne Wagner. Defendants further designated testimony for several witness, including Dr. Wagner and Dr. Wiktor, pursuant to a filing dated April 5, 2022. Filing 102.

Two days later, on April 7, 2022, Defendants filed another document entitled "Defendant's Objection to Plaintiffs' Deposition Designations." Filing 123. This document states that it "makes the following objections to Plaintiffs' Deposition Designations for Timothy Thompson and Shad Burnside" that were previously provided to the Court in Defendants' April 5, 2022 filing. *Compare* Filing 101 at 1–5; *with* Filing 123 at 5–6. However, the document also for the first time included purported objections and designations for Dr. Wagner and Dr. Wiktor.[1]

"Rules of practice adopted by United States District Courts have the force and effect of law." *Braxton v. Bi-State Dev. Agency*, 728 F.2d 1105, 1107 (8th Cir. 1984); *see also* 28 U.S.C. § 2071. The "application of local rules is a matter peculiarly within the district court's province." *Reyher v. Champion Int'l Corp.*, 975 F.2d 483, 489 (8th Cir. 1992). In particular, "District courts have broad discretion to set filing deadlines and enforce local rules." *Reasonover v. St. Louis Cnty., Mo.*, 447 F.3d 569, 579 (8th Cir. 2006). Courts routinely enforce their local rules by striking untimely documents. *See, e.g.*, *Mayo v. Bd. of Educ. of Prince George's Cnty.*, 713 F.3d 735, 745

---

[1] The objections to designations, along with prior designations, inexplicably included objections to "form and foundation" as to certain questions where such objections were not made at deposition, even though the Federal Rules of Civil Procedure have long provided that such objections are waived if not made during the deposition. *See* Fed. R. Civ. P. 32(d)(3)(B).

2

(4th Cir. 2013) (upholding a district court striking an untimely motion for reconsideration); *McElroy v. Sands Casino*, 593 F. App'x 113, 116 (3d Cir. 2014) (upholding a district court striking a brief in opposition); *Mitchell v. Cenlar Cap. Corp.*, No. 3:16-CV-814-WHB-JCG, 2018 WL 10408900, at *2 (S.D. Miss. Mar. 9, 2018) (striking untimely motions to compel).

The trial in this matter is set to begin on April 11, 2022. Defendants filed their latest objections to Plaintiff's deposition designations on April 7, 2022, i.e., less than seven days before trial. The Court had already completed its work on designations for the two witnesses at issue and issued its order on that matter without having seen the additional filing from defendants. Therefore, the document titled "Defendant's Objections to Plaintiffs' Deposition Designations," Filing 123, is untimely under the Court's instructions provided to the parties and pursuant to NECivR 30.1 and 32.1(f). Filing 123 is stricken from the record and will not be considered by the Court. Accordingly,

IT IS ORDERED:

1. Defendant's Objections to Plaintiffs' Deposition Designations, Filing 123, is stricken.

Dated this 8th day of April, 2022.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge